IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Respondent, ) | |
| vs. ) | No. 3:98-CR-0094-H (01) |
| ) | No. 3:02-CV-0341-H |
| WILLIAM MORRIS RISBY, ) | |
| ID # 31495-077, ) | |
| Movant/Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

The Court has under consideration a "Motion for Relief from Judgment Pursuant to Rule 60(b)(3) Fraud" received from defendant on May 2, 2005. Pursuant to Fed. R. Civ. P. 60(b)(3), defendant seeks relief from judgment for five alleged fraudulent acts: (1) the undersigned District Judge falsely sealed information sent to the Fifth Circuit Court of Appeals to sabotage defendant's direct appeal; (2) the Federal Bureau of Investigation (FBI) and an Assistant United States Attorney (AUSA) withheld criminal investigation tapes of defendant's co-defendant; (3) the FBI misplaced and destroyed "immunized subpoenaed" documents of the grand jury; (4) the FBI and the prosecutor engaged in ongoing concealment of records, including withholding records from a request for documents pursuant to the Freedom of Information Act (FOIA); and (5) the previously assigned magistrate judge ruled on dispositive motions to dismiss judgment and indictment. In a supplement to the motion, defendant argues that the government's concealment and destruction of evidence requires a new trial, and the government's use of perjured testimony deprived him of due process. By the instant motion, defendant requests that "the Judgment and Conviction be dismissed."

### I. PROCEDURAL BACKGROUND

On August 7, 1998, a jury convicted defendant of conspiracy to embezzle, pay and receive kickbacks, and launder money; embezzlement from a federally funded program; paying and receiving kickbacks in connection with a federally funded program; money laundering, and aiding and abetting

such illegal activities. On November 10, 1998, the Court entered judgment against defendant, and sentenced him to concurrent terms of imprisonment (sixty months imprisonment on the conspiracy count and ninety-seven months imprisonment on the other counts). Defendant thereafter appealed the judgment, and the Fifth Circuit Court of Appeals affirmed it on May 19, 2000.

On February 19, 2002, the Court received a motion to vacate, set aside, or correct sentence filed by defendant pursuant to 28 U.S.C. § 2255 to challenge his conviction on grounds that the Court violated his constitutional rights by refusing to grant a *Kastigar*[1] hearing and not permitting cross-examination of two government witnesses concerning bad conduct. On December 16, 2002, the Court received an amended motion to vacate filed by defendant in which he claimed that (1) the Court abused its discretion when it refused to grant a change of venue and dismissed alternate jurors at the conclusion of trial; (2) the Court abused its discretion and violated his due process rights when it altered conditions of his use immunity; (3) the Court violated his due process rights by sending unsealed documents to the Fifth Circuit Court of Appeals as sealed documents; (4) the government unlawfully withheld discoverable material in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (5) the indictment was invalid because he had testified under a grant of immunity; and (6) his attorney rendered ineffective assistance related to his § 2255 motion.

On June 28, 2004, the then-assigned magistrate judge recommended that the motion to vacate be denied because the two original claims were raised and addressed on direct appeal; the first five claims raised in the amended motion were barred by the applicable statute of limitations and procedurally barred for defendant's failure to raise them on direct appeal; and Claim 6 failed because defendant was not entitled to counsel on his § 2255 motion. On July 12, 2004, the Court adopted

---

[1] *Kastigar v. United States*, 406 U.S. 441 (1972).

the findings and conclusions of the magistrate judge and entered judgment denying the motion to vacate. On February 15, 2005, the Fifth Circuit Court of Appeals denied defendant a certificate of appealability after specifically considering defendant's assertions that the government concealed evidence that would establish his actual innocence, that the magistrate judge improperly entered orders in his case, and that the district court retaliated against him. On May 2, 2005, the Court received the instant motion for relief from judgment and the supplement to that motion.

## II. FEDERAL RULE OF CIVIL PROCEDURE 60(b)

Defendant has filed the instant motion under Fed. R. Civ. P. 60(b)(3) to obtain relief from a judgment entered in this case which denied defendant's motion to vacate.

The Supreme Court has found that a Rule 60(b) motion which merely challenges the failure to reach the merits of habeas claims is not inconsistent with any federal statutory provision or the habeas rules, and is thus properly considered despite a prohibition regarding successive habeas petitions in the context of § 2254. *See Gonzalez v. Crosby*, 125 S. Ct. 2641, 2651 (2005). Like the habeas rules considered in *Gonzalez*, the Rules Governing Section 2255 Proceedings for the United States District Courts [2255 Rules] also permit application of Rule 60(b) and the other Federal Rules of Civil Procedure in collateral proceedings under 28 U.S.C. § 2255 but only "to the extent that they are not inconsistent with any statutory provisions" or the 2255 Rules. *See* 28 U.S.C. § 2255 Rule 12. While recognizing the Supreme Court's express limitation of its consideration of the issue in the context of a § 2254 case, *see* 125 S. Ct. at 2646 n.3, the Court assumes without deciding that the *Gonzalez* rationale applies here based on the similarities between the 2254 and the 2255 rules.

Under *Gonzalez*, a Rule 60(b) motion which merely challenges the judgment in a 2255 action on the basis that the district court failed to reach the merits[2] is not properly considered as a successive 2255 motion, and "can therefore be ruled upon by the District Court without precertification by the Court of Appeals." *See id.* at 2651. On the other hand, a Rule 60(b) motion in a § 2255 action is properly treated as a successive 2255 motion if it asserts or reasserts claims of error in the movant's federal conviction. *See id.* The Fifth Circuit has also ruled that the federal courts may treat a purported Rule 60(b) motion as a motion to vacate filed under § 2255 when "the motion actually attacks the validity of [the movant's] conviction." *See United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998).[3]

Alleging fraud, including concealment and destruction of evidence and use of perjured testimony, defendant filed the instant Rule 60(b) motion for relief from judgment. The motion does not merely challenge the judgment entered in his 2255 action on grounds that the Court failed to reach the merits of his 2255 claims. He specifically asserts or reasserts claims of error related to his federal conviction. Although he asserts claims of fraud, the alleged fraud primarily occurred prior to the commencement of his 2255 action, and at least some of the alleged fraud asserted against the FBI

---

[2] The Supreme Court noted that "'on the merits' has multiple usages", and thus specifically defined the phrase as "a determination that there exist or do not exist grounds entitling" the movant to relief. 125 S. Ct. at 2648 n.4. It emphasized:

> When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

*Id.* It further emphasized that, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," such as fraud on the court, the Rule 60(b) motion is not asserting a habeas claim. *Id.* at 2648 & n.5. With respect to an assertion of fraud on the court, the Supreme Court "note[d] that an attack based on the movant's own conduct, or his habeas counsel's omissions . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Id.* at 2648 n.5.

[3] The movant in *Rich* raised the same claim in his Rule 60(b) motion that he had raised in his motion to vacate and added an argument that a recent Supreme Court case changed the law with respect to the issue. 141 F.3d at 551. Under *Gonzalez*, such a Rule 60(b) motion is properly construed as a successive § 2255 motion. *See* 125 S. Ct. at 2647, 2651.

and the AUSA were raised as claims in his amended 2255 motion.[4] Because defendant asserts or reasserts claims of error related to his federal conviction, the instant Rule 60(b) motion is properly construed as a successive motion to vacate filed pursuant to § 2255 that requires precertification by the Fifth Circuit before this Court reviews it.[5]

For the foregoing reasons, **IT IS HEREBY ORDERED** that defendant's "Motion for Relief from Judgment Pursuant to Rule 60(b)(3) Fraud" received on May 2, 2005, is **CONSTRUED** as a successive motion to vacate filed pursuant to 28 U.S.C. § 2255. The Clerk of the Court **IS HEREBY DIRECTED** to open a new civil action for administrative purposes only; file the instant motion in that action as a § 2255 motion filed May 2, 2005; and without further judicial action, immediately transfer the new § 2255 action to the to the United States Court of Appeals for the Fifth Circuit

---

[4] The Court does not construe defendant's Rule 60(b) motion as invoking the Court's inherent authority to prevent a fraud on the court. Defendant's allegations of fraud under Rule 60(b)(3) simply do not rise to the level of a fraud on the court. For a claim of fraud on the court, the relevant conduct is what occurred during the federal 2255 proceedings. *See Fierro v. Johnson* 197 F.3d 147, 154 (5th Cir. 1999).

> To establish fraud on the court, it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its discretion. Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.

*Id.* (quoting *First Nat'l Bank v. Lustig*, 96 F.3d 1554, 1573 (5th Cir. 1996)). Defendant's allegations of fraud relate to conduct that primarily occurred prior to his 2255 proceedings. Defendant, furthermore, has shown no unconscionable plan or scheme to improperly influence this Court.

[5] Before this Court can consider a successive motion to vacate, the defendant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Upon proper motion filed with the court of appeals, a three-judge appellate panel will determine whether this Court should consider a successive motion to vacate. *Id.* § 2244(b)(3)(B). The panel will authorize the filing of a second or successive motion only upon a *prima facie* showing that the motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See id.* §§ 2244(b)(3)(C), 2255. Defendant has not obtained authorization from the Fifth Circuit to file a successive motion to vacate in this Court. In the absence of such authorization, this Court has no jurisdiction over the instant motion to vacate. Notably, under *Gonzalez*, even the mixture of proper assertions under Rule 60(b), such as fraud on the court, and the assertion or reassertion of claims of error related to the federal conviction makes the Rule 60(b) motion a successive 2255 motion that requires precertification by the Fifth Circuit before the Court may rule upon it. *See Gonzalez*, 125 S. Ct. at 2651 (holding that, unless the Rule 60(b) motion "challenges only the District Court's failure to reach the merits" of the underlying motion to vacate, the Rule 60(b) motion is a successive motion to vacate that requires precertification by the court of appeals).

pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) as a successive motion to vacate. For purposes of continuity, the Clerk shall directly assign the new civil case to the undersigned District Judge and to Magistrate Judge Irma Carrillo Ramirez as the Magistrate Judge randomly assigned to Cause No. 3:02-CV-0341-H.

**SO ORDERED.**

**SIGNED this 28th day of June, 2006.**

_____
BAREFOOT SANDERS, SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS